```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JUAN WIGGINS, | Civil No. 11-1481(NLH/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| RICKY WILKS, et al., | |
| Defendants. | |

**HILLMAN, District Judge**

This matter comes before the Court by way of correspondence from pro se Plaintiff Juan Wiggins received in Chambers on January 13, 2012, and subsequently docketed in this action and in a related action, captioned Juan Wiggins v. Brian String, et al., Civil Action No. 11-1480 (NLH/KMW).  The January 13, 2012 correspondence from Plaintiff contains a motion for "Final Judgment For Summary Judgment" (hereinafter, "motion for summary judgment") which Plaintiff asserts was filed on February 9, 2011.  Plaintiff asserts that the February 9, 2011 motion for summary judgment was "brought to [the] [C]ourt's attention on a few occasions[], and has yet to be heard."

The Court notes that Plaintiff submitted the complaint in this action on March 14, 2011.  By Order dated September 7, 2011, the Court granted Plaintiff's application to proceed in forma pauperis and directed the Clerk to file Plaintiff's complaint.

(Order [Doc. No. 5] 1, Sept. 7, 2011.)  By letter [Doc. No. 21] dated December 27, 2011, Plaintiff sought to voluntarily withdraw the complaint in this action without prejudice.  Pursuant to Plaintiff's December 27, 2011 request under Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff's complaint was dismissed without prejudice and the Clerk closed the file in this action on December 30, 2011.

Although Plaintiff's January 13, 2012 correspondence asserts that the motion for summary judgment was filed on February 9, 2011 and was brought to the Court's attention on more than one occasion, the Court notes that Plaintiff did not commence the present action until over one month later, on March 14, 2011. Therefore, the February 9, 2011 motion for summary judgment was not, and could not have been, filed in the present action, as the February 9, 2011 motion was filed well in advance of the commencement of this action.  Moreover, Plaintiff has not filed a separate motion for summary judgment in this case at any point since the complaint was first submitted to the Court in March of 2011.  However, a search of court records reveals that Plaintiff previously filed another action, captioned as <u>Juan Wiggins v. Brian String, et al.</u>, Civil Action No. 10-1710 (JHR/AMD) (hereinafter, "the 10-1710 action"), over which the Honorable Joseph H. Rodriguez, United States District Judge, presided.

In the 10-1710 action, Plaintiff did file a motion for summary judgment on February 9, 2011.  (<u>See</u> CM/ECF Docket Report

for 10-1710, [Doc. No. 10].) Specifically, that motion for summary judgment was received and filed by the Clerk's office on February 9, 2011. Also on February 9, 2011, Judge Rodriguez issued a memorandum opinion and order granting Defendants' motion to dismiss the 10-1710 action and denying Plaintiff's motion for sanctions. (See CM/ECF Docket Report for 10-1710, [Doc. No. 11], 4, 8-9.) Accordingly, the Clerk of Court closed the file in the 10-1710 action and Plaintiff's case was terminated on February 9, 2011. Because Plaintiff's case was dismissed on the same date that the motion for summary judgment was filed, Plaintiff's February 9, 2011 motion for summary judgment was never ruled upon by Judge Rodriguez. Subsequently, Plaintiff appealed Judge Rodriguez's ruling granting Defendants' motion to dismiss to the Third Circuit Court of Appeals on February 24, 2011. While Plaintiff's appeal was pending before the Third Circuit, Plaintiff submitted a letter dated March 12, 2011 in the 10-1710 action, stating that Plaintiff sought to withdraw the motion for summary judgment filed on February 9, 2011. (See CM/ECF Docket Report for 10-1710, [Doc. No. 15] 1.) The Third Circuit later dismissed Plaintiff's appeal for lack of merit in an Opinion filed on May 18, 2011. (See CM/ECF Docket Report for 10-1710, Op. of Third Circuit [Doc. No. 17-1], 4.)

Having reviewed the January 13, 2012 correspondence from Plaintiff, the purported February 9, 2011 motion for summary judgment, and the relevant procedural history from the 10-1710

action, the Court construes the January 13, 2012 correspondence as a request by Plaintiff to reopen the present action, 11-1481, in order for the Court to consider the February 9, 2011 motion for summary judgment filed in the 10-1710 action and later withdrawn.  The Court finds that Plaintiff's request must be denied.

Initially, the Court notes that it cannot properly consider and lacks authority to rule on, a motion for summary judgment which was filed in a different civil action before a different District Judge.  Although the February 9, 2011 motion was never ruled upon by Judge Rodriguez in the 10-1710 action, Plaintiff's complaint was dismissed on the same day that the motion was filed and the dismissal of the 10-1710 was upheld upon review by the Third Circuit, wherein the Court found that Plaintiff's appeal lacked merit.  Thus, consideration of the February 9, 2011 motion for summary judgment by this Court would be inappropriate.  Moreover, Plaintiff voluntarily sought to withdraw the February 9, 2011 motion for summary judgment while his appeal was still pending.  As the motion was formally withdrawn by Plaintiff in March of 2011, it is similarly inappropriate for the Court to consider it in the present action.  Finally, Plaintiff also voluntarily withdrew his complaint in this case by letter dated December 27, 2011, and Plaintiff's January 13, 2012 correspondence does not present sufficient arguments to persuade the Court that the present action should be reopened.

Accordingly,

IT IS on this   6th   day of   February  , 2012 hereby

**ORDERED** that the Clerk is directed to **REOPEN** the file in this action and **DOCKET** the January 13, 2012 correspondence; and it is further

**ORDERED** that Plaintiff's request to reopen the present action in order for the Court to consider the February 9, 2011 motion for summary judgment shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that the Clerk is directed to **CLOSE** the file in this action.

At Camden, New Jersey          /s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.